GREAT–WEST LIFE & ANNUITY IN-SURANCE COMPANY; the Ironstone Group, Inc.; the Health and Welfare Plan for the Employees of the Iron-stone Group, Inc., Plaintiffs–Appellants,

v.

Mark C. BERLIN, a minor, by and through his Conservator Kenneth Clancy; Kenneth Clancy, individually and as Conservator for Mark C. Berlin, a minor, Defendants–Appellees.

No. 99–16180.

D.C. No. CV–98–00585–ROS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2002.

Decided Aug. 30, 2002.

Before BROWNING, HUG, and BERZON, Circuit Judges.

MEMORANDUM [1]

The district court did not err by granting summary judgment to Berlin because Great–West Life's action against Berlin is not cognizable under ERISA.[2]

ERISA authorizes a participant, beneficiary, or fiduciary to bring a civil action to obtain "appropriate equitable relief" to enforce the terms of the plan. 29 U.S.C. § 1132(a)(3). Great–West Life argues that its action to enforce the reimbursement provision of the Plan is one for "equitable relief" because it seeks equitable restitution or a constructive trust. We disagree.

In this suit, Great–West is seeking to enforce a contractual obligation to pay money which is a classic action at law and not an equitable claim. See Westaff Inc. v. Arce, 298 F.3d 1164 (9th Cir.2002) (holding § 1132(a)(3) did not authorize an action brought by a plan administrator to enforce a reimbursement provision of an ERISA plan because the substance of the remedy sought was not equitable). The fact the funds sought by Great–West have been placed in a trust account and are specifically identifiable does not transform its action into one for equitable relief. See Arce, at 1166 (concluding a reimbursement action remained an action for money damages where the funds sought had been placed in an escrow account and remained specifically identifiable).

The district court did not abuse its discretion by denying Great–West Life's Fed. R.Civ.P. 59(e) motion for reconsideration of summary judgment. See 389 Orange Street Partners v. Arnold, 179 F.3d 656, 661 (9th Cir.1999). Great–West Life's argument that the Plan administrator's discretionary interpretation of the reimbursement provision disclaimed the "make whole" rule was raised for the first time in the motion for reconsideration. See id. at 665 (abuse of discretion review precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration).

AFFIRMED.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. We may affirm the district court's grant of summary judgment on any ground supported by the record. See Guidroz–Brault v. Missouri Pac. R.R. Co., 254 F.3d 825, 829 (9th Cir. 2001).